# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-20009 |
| CHRISTOPHER A. SHIVERS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Christopher A. Shivers pled guilty to Count 1 of an Indictment charging a violation of 18 U.S.C. §§ 2113(a) and 2, that is, Armed Bank Robbery, and Count 2 of the Indictment charging a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i) and 2, that is, Brandishing a Firearm During a Bank Robbery (doc. 47). He was sentenced to 121 months imprisonment on Count I and 84 months on Count II, to run consecutively (doc. 51).

He has now filed a motion requesting a copy of the docket sheet in his case and also transcripts of the proceedings (doc. 52). Section 753(f) of title 28 allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Mr. Shivers is not entitled to transcripts because there is no suit or appeal pending; he has not set forth any claim or particularized need for the transcripts. *See*

*Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record).

Moreover, a habeas petition must be filed to trigger the specific habeas statute that grants indigent petitioners "documents" or "parts of the record" without cost. *See* 28 U.S.C. § 2250; *Lewis*, 1994 WL 563442, at * 1. Again, with nothing pending before this court, Mr. Shivers is not entitled to documents or discovery as part of a § 2255 case. His request for transcripts is therefore denied on that basis as well.

Finally, it appears that the clerk's office has mailed Mr. Shivers a copy of the docket sheet, so that request is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for documents (doc. 52) is **denied**.

**IT IS SO ORDERED** this 31st day of March, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
